IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TRAVIS AARON BALL,          )
                            )
       Plaintiff,           )
                            )
v.                          )    Civil Action No. 3:20CV27–HEH
                            )
JONATHAN ENGLISH, *et al.*, )
                            )
       Defendants.          )

## MEMORANDUM OPINION
(Dismissing Action)

Travis Aaron Ball, a Virginia inmate, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on September 1, 2020, the Court directed Ball to file a particularized complaint because his current complaint failed to provide each defendant with fair notice of the facts and law upon which his liability rests. (Order, ECF No. 11.) On September 18, 2020, Ball submitted his Particularized Complaint to the Court. (ECF No. 32.) However, due to a clerical oversight, the Particularized Complaint was not uploaded into the Court's CM/ECF docketing system at that time.[1] The matter is now before the Court for the evaluation of Ball's Particularized Complaint (ECF No. 32) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be dismissed for failure to state a claim.

---

[1] Defendants have moved to dismiss on the ground that Ball failed to comply with the Court's September 1, 2020 Memorandum Order directing Ball to file a particularized complaint. Because Ball did comply with that Memorandum Order, the Motion to Dismiss (ECF No. 25) will be denied.

I.   PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. BALL'S ALLEGATIONS AND CLAIMS

Ball alleges:[2]

> (1) Upon my arrival at the facility of Northern Neck Regional Jail, I have been placed in a state of vulnerability to all physical and mentally [sic] situations of instability. Immediately, I was placed in a hostile environment. I arrived on October 29, 2019. My brother was pronounced brain dead on November 25th, 2019, and passed away on December 2nd, 2019. I was denied an opportunity to attend the funeral.
> (2) [On] Dec. 18th, 2019, I was placed in segregation (administrative), pending an investigation of assault. During the time I spent in segregation, I was denied the bare essential[s] that I should be allowed to have.
> (3) I was forced to take showers in restraints and denied any medical and mental health issue requests I have placed.
> (4) On December 24, 2019, there was an incident where I thought I was dead, and have since been left shattered. I was left with no way of communication after my request and grievances were placed, returned and/or denied.
> (5) Today, I am still in segregation, 9 months later. The cells have no intercom for cases of an emergency, especially since you never know when the officer will be back around. I am diagnosed with PTSD, with symptoms that have progressed into what's known as "complex trauma." This leaves me at such risks that I am suicidal at times. I cannot go on being this way.

(ECF No. 32 at 1.)

Ball names as defendants: the Northern Neck Regional Jail ("NNRJ"); Jonathan English, the Chief of Security of NNRJ; and Ted Hull, the Superintendent of NNRJ. (*Id.*)

Ball contends that Defendant Hull is liable because

> . . . as the overseer of the facility, to refuse to respond to requests and blatantly disregards it as frivolous is unfounded. (Paragraph 2) of the complaint body along with paragraph (3), (4), (5), shows how the absence of protection and security of the administration, leaves myself in a state of unrest and having [a] lasting effect on my mental and physical capabilities.

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the punctuation, spelling, and capitalization in the quotations from Ball's Particularized Complaint.

4

(*Id.* at 2.) Ball asserts that Defendant English is liable

> ... for any all disciplinary actions, has also denied me of this (paragraphs) 2, 3, 4, and 5 is all from direct orders of his empowerment. The duress and things I've been and continue to endure has left me with broken faculties. His direct refusal to release me from unconstitutional actions is a direct malevolent force of its own. As the Chief of Security, the majority of the facility's populous fall under his command. He contacts them directly to have them deny me privileges allowed to me and allows them to single me out as a person of interest to their misconduct.

(*Id.*) Ball demands monetary damages.

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Ball's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). The Northern Neck Regional Jail is not a person for purposes of 42 U.S.C. § 1983. *See Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Accordingly, all claims against the Northern Neck Regional Jail will be dismissed as frivolous and for failure to state a claim.

Furthermore, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability is "personal, based upon each defendant's own constitutional violations"). The Court previously warned Ball that he must plead facts that plausibly suggest each Defendant's personal involvement in the violation of his constitutional rights. Ball fails to do so in the complaint before the Court. Ball fails to identify facts that plausibly suggest that either Defendant Hall or English had any personal involvement in any alleged deprivation of Ball's rights.[3] Rather, Ball's claims against Defendants

---

[3] To the extent that Ball contends that Defendants Hall and English are somehow liable on a theory of supervisory liability, that claim would fail. To show that a supervising officer failed to fulfill his duties to protect an inmate by ensuring his subordinates act within the law, the inmate must show that:
> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted) (citations omitted). Ball fails to allege facts that support any one of these three factors.

Hall and English rest almost entirely on conclusory allegations. *See Iqbal*, 556 U.S. at 681. Accordingly, Ball's claims against Defendants Hall and English will be dismissed without prejudice.

## IV. CONCLUSION

The Motion to Dismiss (ECF No. 25) will be denied. Ball's claim against the NNRJ will be dismissed with prejudice. Ball's claims against Defendants Hall and English will be dismissed without prejudice. The Clerk will be directed to note the disposition of this action for purposes of 28 U.S.C. 1915(g). The action will be dismissed.

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec. 3, 2021
Richmond, Virginia